IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT CARDWELL | ) | CASE NO. |
| c/o David W. Neel, Esq. | ) | |
| 16781 Chagrin Blvd. | ) | JUDGE |
| Shaker Heights, Ohio 44120 | ) | |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| M & Y CARE, LLC | ) | |
| c/o Alexander Korzhiletsky, Statutory Agent | ) | |
| 5001 Mayfield Road, Suite 304 | ) | |
| Lyndhurst, Ohio 44124 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff Robert Cardwell, by and through undersigned counsel, and for his

Complaint against Defendant M & Y Care, LLC ("M & Y"), alleges as follows:

## **PARTIES**

1.      Defendant M & Y is an Ohio foreign limited liability company that does business

in the Northern District of Ohio.

2.      Defendant directly employs home health aides, licensed practical nurses, certified

nursing assistants, and other home health care workers to provide home health care services

(together, "home health care workers") to elderly and disabled persons in their homes.

3.      Defendant's gross annual sales made or business done has been $500,000 or greater

per year at all relevant times.

4.      Defendant employs Plaintiff as a home health care worker.

5.      Plaintiff currently resides in Cleveland, Ohio and was at all relevant times employed by Defendant as a home healthcare worker.

6.      Plaintiff was an employee of Defendant as defined by the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 203(e)(1) and (g).

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FLSA, 29 U.S.C. § 216(b).

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as Defendant M & Y is doing business in Cuyahoga County, Ohio, it maintains an office located at 5001 Mayfield Road, Suite 105, Lyndhurst, Ohio 44124, and the causes of action alleged herein arise from Defendant's activities in this District.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

10.     Defendant M & Y is a home care agency that provides home healthcare services, including homemaker, custodial, and skilled and non-skilled home healthcare services to elderly and disabled persons.

11.     Plaintiff seeks to recover unpaid overtime compensation and other benefits of employment to which he is entitled under the FLSA, 29 U.S.C. § 201, et seq. ("FLSA" or the "Act").

12.     Plaintiff is not a staffing or frontline supervisor responsible for overseeing other home health care workers and the home health care services Defendant provides to their customers.

13.     At all times relevant Defendant compensated Plaintiff for his work on an hourly basis.

14.     For at least three years prior to filing this Complaint, Defendant has improperly denied overtime compensation to Plaintiff, thereby denying him compensation for hours worked more than 40 per work week.

15.     Plaintiff at times worked more than 40 hours per week for which Defendant failed to pay him overtime in violation of the FLSA.

16.     Defendant had a policy of not paying Plaintiff and other similarly situated home health care workers at a rate of one and one-half (1.5) times their regular rate of pay for the overtime hours worked as required by the FLSA.

17.     Defendant only paid Plaintiff his regular hourly rate (i.e., straight time rate) for hours worked over 40, rather than the legally required one and one-half times his regular rate of pay.

18.     As a home health care company, Defendant was or should have been aware that Plaintiff performed work that required proper payment of overtime compensation.

19.     Defendant knew that Plaintiff worked overtime hours without receiving proper overtime pay because Defendant required Plaintiff and other similarly situated home health care workers to record and submit records of their work hours.

20.     Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## COUNT ONE

### Violation of the Fair Labor Standards Act

21.     Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

22.     At all times material to this action, Defendant was an enterprise as defined by the FLSA, 29 U.S.C. § 203(r)(1), and engaged in commerce or in the production of goods for commerce as defined by §§ 203(b) and (s)(1) of the FLSA.

23.     At all times relevant to this action, Defendant was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

24.     At all times material to this action, Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

25.     The provisions set forth in § 207 of the FLSA apply to Defendant and Plaintiff.

26.     At all times relevant to this action, Defendant employed Plaintiff in an hourly, non-supervisory non-exempt position.

27.     Defendant intentionally failed and/or refused to pay Plaintiff according to the provisions of § 207 of the FLSA, which requires employers to pay non-exempt employees for work over forty (40) hours in a workweek at a rate not less than one and one-half times the regular rate at which they are employed.

28.     For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, Defendant has failed to pay Plaintiff the amount of pay § 207 of the FLSA requires.

29. Defendant has engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and other similarly situated employees and former employees in accordance with § 207 of the FLSA.

30. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive the compensation to which he was and is entitled pursuant to § 207 of the FLSA.

31. In addition to the amount of unpaid wages and benefits owing to Plaintiff, he is also entitled to recover an equal amount in addition to those damages as liquidated damages pursuant to 29 U.S.C. § 216(b). Plaintiff is also entitled to prejudgment interest on his damages.

32. Defendant's actions in failing to compensate Plaintiff in violation of the FLSA were willful.

33. Defendant did not make a good faith effort to comply with the FLSA.

34. Plaintiff is entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

### Violation of the Ohio Minimum Fair Wage Standards Act

35. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.

36. Plaintiff brings this claim to recover unpaid overtime compensation under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, §§ 4111.03 and 4111.10.

37. The acts of which Plaintiff complains are also in violation of the Minimum Fair Wage Standard Law of the State of Ohio, § 4111.03 of the Ohio Revised Code.

**WHEREFORE**, Plaintiff prays for the following relief:

A. On Count One, pursuant to § 216(b) of the FLSA:

1.  That Plaintiff be awarded damages in the amount of his respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

2.  That Plaintiff's reasonable attorney's fees, and the costs and expenses of this action, be paid and/or reimbursed by Defendant; and

3.  For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which he may be entitled.

B.  On Count Two:

1.  That Plaintiff be awarded the amount of his unpaid compensation and benefits, and prejudgment interest;

2.  That Plaintiff's reasonable attorney's fees, and the costs and expenses of this action, be paid and/or reimbursed by Defendant; and

3.  For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted,

*/s/ David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
16781 Chagrin Blvd.
Shaker Heights, Ohio 44120
Telephone:  (216) 522-0011
Telecopier:  (844) 548-3570

*Attorney for Plaintiff Robert Cardwell*